UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA NELSON, | ) | CASE NO. 1:12CV835 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LVNV FUNDING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of Plaintiff, Patricia Nelson, to Deny or Defer Consideration of Two Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is GRANTED and Defendants' Motions (ECF DKT #15 and #16) for Summary Judgment are DENIED at this time.

**I. BACKGROUND**

The captioned case was initiated in this Court on April 6, 2012, upon removal from Cuyahoga County Common Pleas Court.  Plaintiff brings the action, on her own behalf and on behalf of others similarly situated, for violations of the Fair Debt Collection Practices Act, the Ohio Consumer Sales Practices Act, common law fraud and conspiracy, against twenty

allegedly-related entities and individuals, claiming Defendants, individually and collectively, made false statements and committed other deceptive or unconscionable acts in an attempt to collect a consumer debt.

On May 29, 2012, Defendants, Sherman Originator LLC, Alegis Group LLC, Sherman Financial Group, Sherman Capital Markets LLC, Sherman Acquisition Limited Partnership, Sherman Acquisition LLC, Sherman Acquisition II Limited Partnership, Sherman Acquisition II General Partner LLC, Sherman Capital, LLC, and Meeting Street Partners II Inc. ("Sherman Defendants"), filed their Motion for Summary Judgment (ECF DKT #15).  On that same date, Defendants, Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan and Robert A. Roderick ("Individual Defendants"), filed their Motion for Summary Judgment (ECF DKT #16).

On June 21, 2012, Plaintiff moved for an order, pursuant to Fed.R.Civ.P. 56(d), denying or deferring consideration of those summary judgment motions until discovery can be completed.

The case is scheduled for a Case Management Conference on August 2, 2012.

## II. LAW AND ANALYSIS

Fed.R.Civ.P. 56(d) permits the Court to defer or deny a motion for summary judgment when the party opposing the motion for summary judgment demonstrates by way of affidavit or declaration the need for discovery in order to properly respond.

> **When Affidavits Are Unavailable.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Courts have held that a party "must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir.2004), (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). Likewise, it is improper to grant summary judgment if the nonmovant is given an insufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994). The Sixth Circuit applies an abuse of discretion standard to a district court's ruling on a Rule 56(f) [now 56(d)] request for discovery. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir.1995).

The affidavit or declaration accompanying the motion must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000)(citing *Radich v. Goode,* 866 F.2d 1391, 1393–94 (3d Cir.1989)).[1]

---

[1] The Federal Rules of Civil Procedure were amended on December 1, 2010 which included redesignating former Rule 56(f) as 56(d). The amendments have not altered the applicability of former 56(f) precedent to a present analysis of 56(d).
See *Enyart v. Karnes*, No. 2:09cv 687, 2011 WL 1070870, *1 (S.D.Ohio March 21, 2011).

Plaintiff submits counsel's affidavit, and references an investigation conducted by the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation.  On October 25, 2011, the Maryland Agency issued a Summary Cease and Desist Order against the same people and entities that Plaintiff has named as Defendants here, for violations of Maryland state and federal debt collection laws, including the Fair Debt Collection Practices Act.  On July 2, 2012, the Maryland State Collection Agency Licensing Board reached a settlement agreement with LVNV Funding LLC and Resurgent Capital Services, L.P.  The settlement required payment of a monetary penalty, dismissal of pending collection cases, and crediting the accounts of consumers whose cases were already adjudicated or settled.  The other affiliated businesses and individuals were dismissed from the Agency action.

The Maryland Agency proceeding is not evidence of Defendants' liability under state or federal law in Ohio; nor is the Maryland settlement agreement proof that said Defendants are without culpability in this action.  Since a Case Management Conference has not yet been conducted, and no discovery can be served before the parties confer as required under Fed.R.Civ.P. 26(f), the Court finds that Plaintiff's request to defer or deny the summary judgment motions has merit.

 Plaintiff is entitled to explore facts to determine if Defendants' activities violate Ohio consumer law and/or the Fair Debt Collection Practices Act.  Plaintiff also has the right to probe the credibility of the Defendants, and to cross-examine them on their affidavit

testimony, denying involvement in debt collection activities and participation in unlawful joint collection strategies.

Plaintiff correctly points out that the Court's Notice of Case Management Conference prohibits Defendants' pending motions for summary judgment: "Unscheduled Motions for Summary Judgment may not be filed unless leave of Court has been sought and granted." (ECF DKT #22 at 1).

Further, the Court cautions the parties that it does not condone unnecessarily prolonged litigation nor unjustified motion practice as a means of coercing settlement.

### III. CONCLUSION

Therefore, Plaintiff's Motion (ECF DKT #20) is GRANTED and Defendants' Motions (ECF DKT #15 and #16) for Summary Judgment are DENIED, subject to being re-filed. At the upcoming Case Management Conference, the Court will determine, among other matters, the scope and timing of discovery.

**IT IS SO ORDERED.**

**DATE: 7/24/2012**

                                        **S/Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**