**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA NELSON,** | ) | **CASE NO. 1:12CV835** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **LVNV FUNDING, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Rule 68 Offers of Judgment and Acceptances; the Court's Show Cause Orders; and related filings.

### I. BACKGROUND

The captioned case was initiated in this Court on April 6, 2012, upon removal from Cuyahoga County Common Pleas Court. Plaintiff brings the action, on her own behalf and on behalf of others similarly situated, for violations of the Fair Debt Collection Practices Act, the Ohio Consumer Sales Practices Act, common law fraud and conspiracy, against twenty allegedly-related entities and individuals, claiming Defendants, individually and collectively, made false statements and committed other deceptive or unconscionable acts in an attempt to

collect a consumer debt.

Specifically, the lawsuit arises out of an underlying collection proceeding commenced in the Cleveland Municipal Court, and later transferred to the Cleveland Heights Municipal Court.  On March 4, 2008, Morgan & Pottinger, P.S.C. ("M&P") filed a Complaint on behalf of LVNV Funding, LLC, asserting that LVNV acquired, by assignment, Plaintiff Nelson's defaulted Sears credit card account, and sought the balance due and owing.  The collection Complaint was sent by certified mail to 1823 Lee Road, Apt. 404, and was returned unclaimed.  Ordinary mail service was sent to the same address and was not returned.  On December 29, 2008, the case was transferred to the Cleveland Heights Municipal Court; and the Complaint and Summons were sent by certified mail and ordinary mail to the Lee Road address.  When there was no answer or other response, M&P filed a Motion for Default.  Default judgment was granted on March 12, 2010.  The Cleveland Heights Municipal Court issued a Certificate of Judgment Lien, which was filed in Cuyahoga County on December 3, 2010.

On December 14, 2011, M&P, by one of its attorneys, Kathryn Hogan, sought an order of garnishment directed to Plaintiff's PNC Bank checking and savings account.  On January 11, 2012, Cleveland Heights Municipal Court sent a copy of the Affidavit, Order and Notice of Garnishment to Plaintiff at 3771 Warrensville Center Road, Warrensville Heights, Ohio.  Plaintiff alleges that, from 2002 to the present, she resided at the 3771 Warrensville [Center] Road address.  On March 5, 2012, Plaintiff moved to strike the Complaint and declare the judgment void, because she did not reside at the Lee Road address and was never served with the collection Complaint.  The collection matter was dismissed on March 22,

2012.

In the instant Complaint, Plaintiff alleges that she is a consumer; that M&P is a law firm regularly engaged in the collection of consumer debts; and that M&P and Hogan are "debt collectors" as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as well as "suppliers" as defined in the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code Section 1345.01, *et seq*.  Plaintiff further alleges that M&P, in concert with the other Defendants, "commenced the legal action in a judicial district in which Ms. Nelson did not reside" and "have no claim against Ms. Nelson that would not be time-barred if filed on the same day as any legal action brought by Defendants against Ms. Nelson."  (Complaint ¶¶ 32 & 33).  Plaintiff alleges that she was injured by Defendants' "fraudulent, deceptive and/or unconscionable conduct," including:

- Stating a false address for Ms. Nelson in the collection Complaint which later resulted in a judgment;
- Causing courts to issue process to an address where she did not reside;
- Concealment of her true address during the collection proceedings in order to obtain default judgment;
- Failure to commence the action against her within one year of filing;
- Providing an affidavit in order to obtain the default judgment which falsely stated that it was based on "personal knowledge" as to the account of the defendants;
- Causing the court to enter judgment when Defendants knew the court lacked jurisdiction as a result of their own actions;

- Filing a time-barred claim;

- Misrepresentation of the real party in interest;

- Misrepresentation as to the chain of title as to the alleged claim;

- Misrepresentation of amounts claimed;

- Misrepresentation of account number;

- Misrepresentation as to the existence or availability of documents underlying the alleged claim;

- False statements in an affidavit, causing the court to issue process and/or orders for the seizure of Ms. Nelson's property and threatening her with the loss of her property and liberty.

Plaintiff alleges that, by the above-listed actions, all Defendants violated the FDCPA and the OCSPA. (Complaint, ECF DKT #1-2, Counts One and Two). In addition, Plaintiff asserts these two Counts, as well as Counts Three and Four of the Complaint, on behalf of herself and " a class of Consumers, similarly situated to Ms. Nelson, who have been or may be subjected to Defendants' unlawful debt collection related practices that are described in this Complaint." (Complaint, ECF DKT #1-2, ¶ 40).

Count Three states a claim for Fraud. Plaintiff alleges Defendants have intentionally misrepresented or concealed the true addresses of consumers against whom they have filed collection lawsuits in Ohio; have misrepresented the real party in interest; have misrepresented the chain of title of the debt; have filed affidavits with false assertions of personal knowledge and false assertions that judgments were lawfully obtained; and have falsely represented the total amount due in collection lawsuits filed in Ohio. Such false

representations, in pleadings and other documents, were made to courts, Plaintiff and the proposed class.  Plaintiff alleges that the "dates, times and place of each such false representation are documented in the court cases filed by the defendants, including the case filed against Ms. Nelson."  (Complaint, ¶ 78).  Plaintiff further alleges Defendants knew the representations were false or acted in reckless disregard of the truth, and made the false representations with the intention to mislead the courts, Plaintiff, and the class.  Plaintiff, the class and the courts were justified in relying upon such representations and "did so rely through action or inaction upon receipt of the misrepresentations.  Actions include engaging legal counsel and other litigation activities."  *Id.* at ¶ 81.  "Plaintiff and the class suffered damages, through loss of resources, as a proximate result of such reliance."  *Id.* at ¶ 82.

In Count Four, Plaintiff alleges Civil Conspiracy.  She re-alleges the preceding paragraphs and says:

> 84. ... Defendants created joint collection platforms and strategies and acted in concert, with each other and with M&P and Hogan, under an agreement to commit the unlawful acts described above, and to bring legal actions in an unlawful manner.
>
> 85.  In accordance with agreement, plan or understanding, one or more of the Defendants did  commit the above described unlawful acts against Plaintiff and the class.
>
> 86.  Plaintiff and the class suffered injury as a result of these actions.
>
> 87.  Defendants therefore committed the tort of civil conspiracy.

**Class certification**

On August 1, 2012, the Court issued a Show Cause Order (ECF DKT #32), noting that pursuant to Local Rule 23.1(c), Plaintiff is required to move, within ninety days of the

Complaint, for a determination under Fed.R.Civ.P. 23 whether the action shall be maintained as a class, and, if so, the membership of the class. The Court further noted that a document, filed in state court, captioned, "Plaintiff's Motion for Class Certification with Briefing Stayed until the Completion of Discovery," was "more appropriately a request for extension of time." (ECF DKT #32, p.2). The ninety-day time period for filing a motion for class certification has long since expired; and no class has been certified in this matter.

**Defendant "LVNV LLC P."**

In its Order, dated February 8, 2013, the Court determined that there is no evidence that Defendant LVNV LLC P. exists. (ECF DKT #63). Even assuming that Defendant were a viable entity, Plaintiff never properly commenced her action against LVNV LLC P. within 120 days of her Complaint; so, Defendant LVNV LLC P. was dismissed under Fed.R.Civ.P. 4(m).

**Offers of Judgment and Acceptances**

On August 1, 2012, Plaintiff filed Notices of Offers of Judgment pursuant to Fed.R.Civ.P. 68, along with her unconditional Acceptances. (ECF DKT #33 & ECF DKT #34). In its Order of Partial Judgment and Show Cause (ECF DKT #35), the Court recognized that all of Plaintiff's claims against all Defendants were now resolved and dismissed. However, because the LVNV Defendants' Offer of Judgment recites: "The judgment entered shall include an additional amount for Plaintiff's reasonable attorney fees and costs incurred by Plaintiff in connection with the claims alleged in the herein matter ... agreed by counsel for the parties, or determined by the Court;" and the M&P Defendants' Offer of Judgment recites: "... judgment ... plus the Plaintiff's costs, reasonable attorneys'

fees, and actual damages in an amount to be determined by the Court, if the parties cannot reach an agreement regarding fees, costs and actual damages," the Court ordered Plaintiff to submit a brief as to the costs, fees and actual damages she seeks, with supporting documentation. (ECF DKT #35, p.2). The parties could not reach a consensus; so they filed their briefs accordingly. In her Response to Show Cause Order (ECF DKT #38), Plaintiff sought leave to pursue her class action claims and class discovery. Defendants countered that Plaintiff's acceptance of the Offers of Judgment mooted her class claims.

## II. ANALYSIS

### Mootness and subject matter jurisdiction

Article III, §2, of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," and restricts the authority of federal courts to resolving "the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ____, 133 S.Ct. 1523, 1528 (2013); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). To invoke federal-court jurisdiction, a plaintiff must show that he possesses a legally cognizable interest, or "personal stake" in the outcome of the action. *See Camreta v. Greene*, 563 U.S. ___, ___ (2011) (slip op., at 5) (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)).

As a corollary to the "case or controversy" requirement, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation,

the action can no longer proceed and must be dismissed as moot." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990); *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).  It is fundamental that federal courts must not decide moot issues. *Ahmed v. Univ. of Toledo*, 822 F.2d 26, 27 (6th Cir.1987).

In class actions, most particularly, where "the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." *Brunet v. Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128 (1975) (per curiam)); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). The "right ... to employ Rule 23" is a "procedural right only, ancillary to the litigation of substantive claims;" and a federal court "retains no jurisdiction over the controversy" when the parties' "substantive claims become moot in the Art. III sense." *Deposit Guaranty National Bank, Jackson, Mississippi v. Roper*, 445 U.S. 326, 345-346 (1980).

In the instant matter, no class has been certified and Plaintiff, Patricia Nelson, has no remaining interest in the injuries alleged in her Complaint.  She sought damages, attorneys' fees, and costs; those amounts were offered by Defendants and accepted in full.  Plaintiff has no further personal stake in the outcome of this litigation.  Her Complaint, including class action claims, is, therefore, dismissed for mootness.

**Damages, fees and costs**

In its August 3, 2012 Order (ECF DKT #35), the Court ordered the parties to meet, confer and try to reach an agreement on costs, actual damages, and reasonable attorneys' fees.

If no consensus could be reached, Plaintiff was ordered to submit a brief, ***with supporting documentation***, by August 20, 2012.  The parties were granted one extension until August 27, 2012, and another until September 4, 2012.

Despite discussions, the parties failed to reach an agreement.  Plaintiff filed her Brief (ECF DKT #51), accompanied by her Declaration, an unverified statement for legal services, a redacted credit report excerpt, and state court cost receipts.

### Costs

Neither the LVNV Defendants nor the M&P Defendants object to the amount of costs sought by Plaintiff, i.e. $356.00.  Therefore, the Court orders the judgment against the LVNV Defendants to include $178.00 in costs; and the judgment against the M&P Defendants to include $178.00 in costs.

### Damages

The Court must note, at the outset, that actual damages may be awarded, if at all, only against the M&P Defendants, per their Offer of Judgment (ECF DKT #27).  Nonetheless, the Court finds that Plaintiff's claim for actual damages, presented in her September 4, 2012 Brief (ECF DKT #51), is woefully inadequate, in that it is unsupported, speculative and violative of the Court's Order requiring documentation.

In her Declaration (ECF DKT #51-1), Plaintiff states that the municipal court debt collection case, pursued by Defendants, negatively impacted her credit report.  As a result, Plaintiff further recites that she incurred damages in the form of less favorable home and motor vehicle insurance rates, home improvement (windows) financing, and refinanced mortgage rates.  However, Plaintiff is not competent to determine what factors insurers,

banking institutions, and home improvement companies consider in setting rates or offering financing. She fails to identify her insurer and available home and motor vehicle insurance rates. She does not name her bank nor what possible rate she would be offered in the absence of a negative credit report. Lastly, she does not identify the company she consulted for replacement windows, nor what she considers "favorable terms" for financing such a project.

In paragraph 18 of her Declaration, Plaintiff states: " I am claiming damages for anxiety, emotional distress, aggravation, embarrassment, shame humiliation, high blood pressure and credit injuries." She provides no medical evidence of treatment for anxiety or high blood pressure, nor how her medical and emotional conditions were the proximate result of M&P's conduct. Plaintiff does not distinguish her medical and emotional complaints from the stress ordinarily caused by the debt collection process. This is compounded by the fact that Defendants' collection efforts were for a debt Plaintiff has never disputed owing.

Therefore, the Court denies any award of actual damages against the M&P Defendants because Plaintiff's claimed actual damages are unsupported, speculative, and violative of the Court's order requiring documentation.

**Attorneys' fees**

Both Offers of Judgment, accepted by Plaintiff (ECF DKT #33 & ECF DKT #34), include an amount for reasonable attorneys' fees. In response to the Court's Order (ECF DKT #35), mandating a brief with supporting documentation, Plaintiff submitted attorneys' fees in the sum of $10,412.50. Plaintiff states, in her Declaration, that she agreed to pay Robert S. Belovich and Anand N. Misra at the rate of $425.00 per hour in the defense of the municipal debt collection case. (ECF DKT #51-1). Plaintiff also offers a copy of a Statement

for Legal Services, with descriptions of services provided and hours spent from January 26, 2012 through April 11, 2012.

The within matter was removed on April 6, 2012, and the Offers of Judgment were accepted on August 1, 2012. Neither the amount of attorneys' fees nor the Statement for Legal Services includes any amount of fees for services rendered from the institution of this federal suit through the Court-ordered brief. There is no explanation why counsel failed, at the very least, to itemize their services and hours spent for filings and appearances in District Court. Thus, the Court has no choice but to confine itself, as a starting point for its consideration, to the dollar figure of $10,412.50 and the total hours of 24.5.

The Court calculates a reasonable fee award by determining the "lodestar," i.e., "by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski,* 625 F.3d 953, 960 (6th Cir. 2010). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court, in its discretion, determines what is reasonable in light of the particular circumstances of each case. *See, e.g., Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir.1997). A reasonable fee "is one that is adequate to attract competent counsel, but [does] not produce windfalls to attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir.1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

In arriving at a figure for reasonable hours expended on the case, the court must consider whether the party seeking the award has provided sufficient documentation. "Where the documentation is inadequate, or recently compiled retrospective estimations of time expended, the district court would do violence to its judicial obligations were it to accept the amounts claimed at their value." *United Slate, Tile and Composition Roofers, Damp and*

*Waterproof Workers Association, Local 307 v. G & M Roofing and Sheet Metal Company, Inc.*, 732 F.2d 495, 502 (6th Cir.1984). "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* at fn 2.

Due to Plaintiff's counsel's failure to provide an affidavit justifying an hourly rate of $425, and because the Statement of Legal Services omits any entries for services provided after April of 2012, or any differentiation between work performed by Mr. Belovich and work performed by Mr. Misra, or any explanation of counsel's experience or the complexity of the area of FDCPA litigation, the Court is unable to grant Plaintiff's fee request. Considering the submissions of the parties, including examples of attorney awards in similar cases in this jurisdiction, but exercising its full discretion, the Court sets Plaintiff's counsel's hourly rate at $325.00. Calculating that rate times 24.5 hours results in a total fee award of $7,962.50. Therefore, judgment for Plaintiff and against the LVNV Defendants shall include $3,981.25 in attorneys' fees, and judgment for Plaintiff and against the M&P Defendants shall include $3,981.25 in attorneys' fees.

### III. CONCLUSION

For all these reasons, final judgment is entered against Defendant LVNV Funding, LLC and Defendant Resurgent Capital Services, L.P., in the amount of $10,000.00, plus reasonable attorneys' fees in the amount of $3,981.25, and costs in the amount of $178.00; and against Defendant Morgan & Pottinger, P.S.C. and Defendant Kathryn H. Hogan, Esq., in the amount of $2,000.00, plus reasonable attorneys' fees in the amount of $3,981.25, and

costs in the amount of $178.00.  Pursuant to this Order, the Complaint of Plaintiff Patricia Nelson is dismissed in its entirety.  Pending Motions, ECF DKT #50, ECF DKT #56, ECF DKT #57, and ECF DKT #60, are denied as moot.

    **IT IS SO ORDERED.**

                                       **s/ Christopher A. Boyko**
                                       **CHRISTOPHER A. BOYKO**
                                       **United States District Judge**

**Dated:  August 22, 2013**